*GEORGE H. BEACH, RESPONDENT, v. CHARLES     [315]
COVILLARD et al. APPELLANTS.

PLEADING, DEFENSE.—An executed parol agreement is a good defense against an
action upon a specialty. The Statute of Frauds contains no provision with
regard to the dissolution of agreements or contracts under seal for the sale of
land.

APPEAL from the Tenth Judicial District.

The opinion fully states the case.

*Rowe & Dunn* and *Sweezy*, for Appellants.

The plaintiff is estopped. (2 Cal. 142–3.) There was a
defeasance or cancellation of the bond.

That parol proof may be given of the fulfilment, dis-
charge, or satisfaction of a written contract, see 4 vol. Phil-
ips' Evidence, 605, note 268; 3 Johns. N. Y. 509; 7
Cowen, 47.

*E. D. Wheeler*, for Respondent.

A covenant under seal, not broken, cannot be discharged
by parol. (Cro. Jac. 99; 1 Taunt. 429; Dart on Vendors,
449; 7 Wend. 129; 10 Wend. 184.)

Parol evidence is inadmissible to disannul or substantially
vary a written agreement, except upon the ground of fraud
or mistake. (1 Johns. Ch. 428–9; Chitty on Contracts, 106–
7; 3 Blackf. 353.)

Mr. Ch. J. MURRAY delivered the opinion of the Court.
Mr. J. HEYDENFELDT and Mr. J. WELLS concurred.

This was an action to recover damages for the breach of a
covenant under seal, to convey certain lots in the City of
Marysville.

On the trial of the cause, the defendants offered to show,

that they had conveyed one of said lots to a third party, at the verbal direction and request of the plaintiff, and also offered in evidence a receipt signed by the plaintiff [316] for the "deeds to *said lots described in said bond," which testimony was excluded by the Court, and a judgment rendered for the plaintiff.

The only question involved in this case is, whether a covenant, under seal, can be altered or rescinded by parol, before it has been broken ?

The decision of the Court below proceeds upon the ground that there is no difference between a parol executory, and an executed contract.

We are aware of the general rule laid down by writers on this subject, that, in case of a specialty, a subsequent parol or even written agreement, not under seal, dispensing with or varying the mode of performance of an act covenanted to be done, cannot be pleaded in bar to an action on the deed for non-performance of the act in the manner prescribed.

This doctrine must be taken with some limitation, and although there are many conflicting opinions upon this subject, we are satisfied that, upon the weight of authority as well as argument, an executed parol agreement will be a good defense against an action upon a specialty.

In *Fleming* v. *Gilbert,* 3 Johns. 528, which was an action on a bond conditioned that the defendant should, by a certain day, procure and deliver to the plaintiff a certain bond and mortgage, and discharge the same of record, and the defendant did produce them, and offered them to the plaintiff, proposing to do whatever else he required to discharge the mortgage, but the plaintiff, not knowing what was necessary to be done, agreed by parol to waive a literal performance, in this respect, if the defendant would do another act, which he afterwards did, it was held that evidence of a parol waiver was admissible, and amounted to a defense.

In this case, the Court proceeded on the ground that he who has had the benefit of an act, or who prevents a thing from being done, cannot be allowed to take advantage of the nonperformance which he has occasioned.

The same doctrine was held in the case of *Dearborn* v. *Cross*, 7 Cow. 48; in *LeFevre* v. *LeFevre*, 4 Serg. & R. 241; and was affirmed by this Court in the case of *Green* v. *Wells*, 2 Cal. 585.

* The argument that the subsequent parol contract  [317] is void under the statute, is not well taken.

The Statute of Frauds contains no provision with regard to the dissolution of agreements or contracts under seal for the sale of land.   Although the subsequent parol contract might have been void, its execution took it out of the statute, and it is binding on the parties.

Judgment reversed with costs, and new trial ordered.