THE IROQUOIS FURNACE COMPANY

*v.*

THE BIGNALL HARDWARE COMPANY.

*Opinion filed February 18, 1903.*

1. EVIDENCE—*what competent in suit for breach of contract.* If the defendant in a suit for breach of a partially executed contract to purchase pig iron claims that plaintiff's right of action was included, with his other demands, in a compromise, under which defendant executed notes and a trust deed to adjust the claims of its creditors, including the plaintiff, the notes and deed may be given in evidence, in connection with testimony of their prompt payment, to show compliance by defendant with the compromise.

2. INSTRUCTIONS—*when instruction upon rescission of contract is not misleading.* An instruction holding that a "contract may be rescinded by consent of all the contracting parties, and this consent need not always be expressed in words," does not authorize the jury to find a rescission without regard to whether the contracting parties had agreed to rescind or not.

3. SALES—*right of defendant to require plaintiff to show readiness to perform.* A plea of the general issue, in an action by the seller for breach of the defendant's agreement to receive merchandise, puts the plaintiff upon proof of the material allegations of the declaration, and the court may, by instruction, require it to prove it was ready and willing to deliver the merchandise at the time and place and upon the terms agreed upon, even though the principal defense is waiver or rescission of the contract sued upon.

*Iroquois Furnace Co.* v. *Hardware Co.* 102 Ill. App. 68, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. EDWARD P. VAIL, Judge, presiding.

DEFREES, BRACE & RITTER, for appellant.

JEROME PROBST, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the First District affirming a judgment in favor of the defendant, rendered in the circuit court of Cook county in an action of assumpsit by appellant.

The declaration alleges, in substance, that on January 15, 1892, the defendant purchased of plaintiff a large quantity of pig iron, to be delivered when desired by the defendant, during the year 1892, at St. Charles, Illinois, and paid for at stipulated prices; that the plaintiff at all times stood ready and willing, and offered, to deliver the said pig iron to the defendant, but the latter refused to accept it or pay therefor. The declaration also contains the common counts. Upon the general issue being filed, a trial by jury was had, resulting in a verdict for the defendant, and judgment was entered accordingly.

Upon the hearing there was no controversy as to the fact that the contract declared on had been made, or that prior to September 14, 1892, a large quantity of iron was shipped to the defendant and paid for at the rate stipulated in the contract, but this suit is to recover damages for the refusal of the defendant to receive the remainder of the iron contracted for. The defendant's contention below was, that the further performance of the contract had been waived by the plaintiff, and the jury, upon evidence clearly tending to support that position, so found, and the facts must be accepted as settled.

The first error of law urged here is, that the trial court improperly admitted certain evidence over plaintiff's objection. In the fall of 1893 the appellee company was involved in financial embarrassment, and to relieve itself from the stress of its outstanding indebtedness, by an arrangement with its creditors it executed a trust deed and certain notes signed by Mr. Bignall, who was the manager of the company. A part of said indebtedness was due the appellant. It is not denied that the trust deed and notes were, by consent of appellant and other creditors, executed for the purpose of adjusting the claims of appellant then held against appellee, but the position of appellant is, that its claim for a breach of the partially executed contract now sued on was not included in that arrangement. During the trial the trust

deed and notes so executed were offered in evidence by the defendant and objected to by the plaintiff, but the objection was overruled and they were allowed to go to the jury. That ruling is urged as reversible error. We are unable to see why the evidence was not competent on the theory of the defense, which was, that all the claims held by appellant and others against the defendant were adjusted by the execution of the trust deed and notes. In support of that contention defendant clearly had the right to prove the arrangement and show what was done by way of carrying it out,—that is, proof of compliance on its part. The payment of the notes was therefore a material fact, and the trust deed and notes in its hands, in connection with the testimony of Mr. Bignall that he had paid each note as it fell due, were clearly competent.

Other questions are raised on the admission of evidence, but upon examination we regard them as without substantial merit. They are, to say the least, very technical, and would not justify a reversal of the judgment below under the evidence, even if well assigned.

It is further insisted that the court erred in giving the following instruction:

."The jury are instructed that any contract may be rescinded by consent of all the contracting parties, and this consent need not always be expressed in words; and if the jury believe, from the evidence, that after January 1, 1893, the contract in question was rescinded by consent of the parties in this case, that then your verdict must be for the defendant."

Counsel's objection to this instruction is, that it is calculated to mislead the jury, being equivalent to telling the jury that they might find a rescission without regard to whether the contracting parties had agreed to rescind or not. The instruction is not skillfully drawn, but we do not think it hardly susceptible of the interpretation sought to be placed upon it. The settlement which

is claimed by the defendant to have rescinded the contract sued on, took place "after January 1, 1893," and the instruction, considered as a whole, could not reasonably have been understood to refer to any other act as evidencing a rescission.

The second instruction given on behalf of the defendant told the jury that "in suit by a seller of personal property, to be delivered at a certain time and place, in order to recover damages for not receiving it, it is necessary for the plaintiff to prove that it was ready and willing to deliver the same at such time and place and on the terms agreed upon." It is objected that this instruction is misleading, not because it fails to announce a correct proposition of law, but because, as is said, there was no issue of that kind in the case. This is a misapprehension. The plea of the general issue put the plaintiff upon proof of all the material allegations of its declaration. It is true that the principal defense was the waiver or rescission of the contract sued upon; but the defendant had the right to require the plaintiff to make out a *prima facie* case as alleged.

There is no substantial ground for the criticism made upon the third instruction given on behalf of the defendant. It simply placed upon the plaintiff the burden of proof to make out its case by a preponderance of the evidence. It does not require it to disprove the affirmative defense set up by the defendant, and the first instruction given on behalf of the plaintiff instructed the jury that in order to avail of that defense the defendant must show, by a preponderance of the evidence in the case, that the contract was rescinded or annulled by mutual consent of the parties thereto.

We have carefully considered the errors of law here urged as grounds of reversal of the judgment below, and find that none of them are well assigned.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*