[Civ. No. 2191. Third Appellate District.—November 26, 1920.]

F. S. ARSENIO, Appellant, v. FRANK V. SMITH, Respondent.

[1] Evidence — Written Contract — Mutual Abandonment — New Oral Contract.—While oral evidence is not admissible to vary the terms of a written contract, such evidence is admissible to show that the written contract has been mutually abandoned and a new oral contract executed.

APPEAL from a judgment of the Superior Court of Kings County. M. L. Short, Judge. Affirmed.

The facts are stated in the opinion of the court.

K. Van Zante for Appellant.

J. L. C. Irwin for Respondent.

PREWETT, P. J., *pro tem.*—The appellant sues the respondent to recover $2,037 claimed as a balance due upon a sale of 223 tons of hay at an agreed price of $18 per ton. It is averred and admitted that the hay was delivered to respondent. The respondent in his answer, among other things, admits and avers "that said plaintiff agreed that said hay would be well baled and cured and in good merchantable condition when delivered to defendant. That thereafter . . . the said plaintiff did deliver to the defendant 223 tons of barley and alfalfa hay at El Rico Station, in Kings County, California, but that a great portion of said hay was damaged and not in good merchantable condition, and that thereupon the said plaintiff and defendant agreed that said defendant should sell said hay at the best price that he could obtain for the same, and that the said defendant would pay to the plaintiff for said hay the amount that he, the defendant, received for said hay, less two dollars per ton, which said plaintiff then and there agreed to pay to the defendant as a commission for handling and selling said hay." There is no claim that the defendant has failed to live up to the terms of this oral contract.

The answer is somewhat defective in not specifically averring a rejection of the hay by the respondent and of the mutual abandonment thereupon of the written contract. However, the appellant makes no point as to the sufficiency of the answer. Furthermore, it may reasonably be deduced from its allegations that the hay was rejected by the respondent, and that thereupon the parties mutually abandoned the written contract and entered into the oral one. The case throughout was clearly tried upon this theory, and the findings set out all the facts with skillful detail. But even if the answer were slightly defective, the case should not be reversed therefor. (Sec. 475, Code Civ. Proc.)

It is not controverted that the hay was damaged and that the respondent immediately notified the appellant thereof. The court found that the parties thereupon mutually abandoned the original contract and entered into the oral contract set out in the answer. The evidence abundantly sustains the findings and judgment. The evidence shows that the appellant himself actually sold some of this hay to third parties.

[1] The appellant makes the point that oral evidence is not admissible to vary the terms of a written contract. This contention is thus far sound, but there was no attempt to vary the terms of a written contract. The contract was mutually abandoned, and upon its abandonment it ceased any longer to be a contract between the parties. Thereupon the parties entered into a new contract and proceeded at once to carry it into execution.

The appellant was entitled to rescind the original contract, but after it had been mutually abandoned there remained nothing to rescind. The position of the lower court is fully sustained by the supreme court in the case of *Guidery* v. *Green*, 95 Cal. 634, [30 Pac. 787], wherein the court says: "The evidence offered did not purport to vary or contradict the terms of the written instrument set forth in the complaint, nor did it have the effect of adding any new term to that agreement. Its purpose was to show that the agreement had been canceled by mutual consent and had no longer any operative effect. Such evidence is as admissible as is oral testimony that the terms of a written agreement have been fully performed by the parties or that the instrument evidencing such agreement has itself been canceled and destroyed by the concurrent act of both parties. In either case the object and effect of such evidence is not to change any of the terms of the contract, but to show that the contract has no longer any existence, and therefore cannot be made the basis of an action."

As we construe the written contract offered in evidence, it constitutes an agreement to sell, with a warranty that the property would measure up to a given standard. Notwithstanding some minor defects in the answer, we believe, upon an examination of the whole case, including the evidence, that substantial justice has been done, and that no

adequate reason exists for sending the case back for a new trial.

The judgment is affirmed.

Burnett, J., and Hart, J., concurred.