[Civ. No. 3965.   First Appellate District, Division Two.—October 27, 1921.]

## GEORGE H. HOOKE, Respondent, v. GREAT WESTERN LUMBER COMPANY, Appellant.

[1] CONTRACTS — MODIFICATION OR DISCHARGE BY ORAL AGREEMENT — PAROL EVIDENCE.—A written contract as well as one not in writing may be discharged or modified by a subsequent oral agreement, and the parol evidence rule does not exclude oral evidence thereof.

[2] ID.—MUTUAL CANCELLATION OF WRITTEN CONTRACT—ACTION FOR DAMAGES—PAROL EVIDENCE.—In an action for the alleged breach of a written contract to deliver certain cannery shook, it is error to exclude oral testimony offered by the defendant to prove that by mutual oral agreement between the parties the performance of the contract was waived and the contract orally canceled.

[3] ID.—ORAL MUTUAL RESCISSION—CONSIDERATION.—Where the oral rescission or cancellation of a written agreement is mutual, no consideration other than the agreements of the respective parties is required.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Cabaniss, Judge. Reversed.

The facts are stated in the opinion of the court.

Fabius M. Clarke and William H. Bryan for Appellant.

Frank E. Hinckley for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from a judgment in favor of plaintiff in an action to recover damages for breach of an agreement to deliver spruce cannery shook.

With reference to this agreement, the court found:

"That plaintiff and defendant entered into a mutual agreement in writing in words and figures as follows:

---

1. Modification of written contract by parol agreement, note, 17 A. L. R. 10.

" 'San Francisco, Cal., April 11, 1917.

" 'Mr. G. H. Hooke,

" 'San Francisco, Cal.

" 'Dear Sir:

" 'This will confirm our acceptance of an order for approximately 160,000 6/1 gallon spruce cannery shook at $11.75 per 100 F. O. B. Watsonville.

" 'It is further understood and agreed that we will furnish as many 12/1 gallon standard cases as we can get from our normal run of box lumber at 19c F. O. B. Watsonville.

" 'These prices are subject to a 2% cash discount if paid within 10 days after arrival or 30 days net.

" 'Yours truly,

" 'Great Western Lumber Co.,

" 'By G. P. Smith.

" 'Approved,

" 'Geo. H. Hooke.' "

The trial court further found "that the reasonable time for delivery of said spruce cannery shook was within the season for canning of summer fruit in the year 1917 at said Watsonville, which season was approximately from the 16th day of May to the 15th day of October in said year." It was also found that only 13,000 of said shook were delivered by the defendant and that defendant refused to deliver to the plaintiff, after demands therefor, the balance of said shook called for by the said agreement.

One of the defenses pleaded by the defendant in its answer was that the contract between the parties had been, by mutual agreement between plaintiff and defendant, duly canceled and the delivery of said 147,000 shook was waived by plaintiff. The defendant offered to prove by oral testimony that performance of the contract had been waived by the plaintiff and that the contract had been, by mutual agreement, abandoned. The court refused to hear evidence upon these questions upon the ground that the contract being in writing, a waiver or abandonment thereof could only be shown by a writing. [1] It is a general rule that a written contract as well as one not in writing may be discharged or modified by a subsequent oral agreement, and that the parol evidence rule does not exclude oral evidence thereof. (Elliott on Contracts, sec. 1861; 13 Corpus Juris, 601; 25 R. C. L. 712; *Iroquois Furnace Co.* v. *Bignall Hard-*

*ware Co.,* 201 Ill. 297 [66 N. E. 237]; *Beach* v. *Covillard,* 4
Cal. 315; *Gardiner* v. *McDonogh,* 147 Cal. 313, 322 [81
Pac. 964]; *Guidery* v. *Green,* 95 Cal. 630, 634 [30 Pac.
786]; *Arsenio* v. *Smith,* 50 Cal. App. 173 [194 Pac. 756].)
The trial court, after refusing all testimony offered by the
defendant upon this subject, found that the allegations of
the answer regarding waiver and abandonment were not
true. Respondent meets this objection by stating that the
testimony offered by the appellant and rejected by the court
upon this point was not such as in itself to show a waiver or
abandonment. In the first place, this is an argument upon
the weight of the evidence and is not properly addressed to
this court, and, furthermore, under the ruling of the court,
we have not before us the evidence which the defendant
may have wished to offer. [2] The ruling of the court
was a broad one to the effect that no mutual oral agreement
between the parties to abandon the contract would be per-
mitted because such evidence "would be contrary to the
rule that you cannot modify, or prove a termination by
agreement between the parties thereto, of any sort or kind
of written agreement except the agreement whereby you
seek to prove that fact be itself in written form." Such
a ruling is contrary to the authorities heretofore cited and
is clearly erroneous. The offer made by counsel was to show
that after certain conversations between the plaintiff and
the representative of the defendant, plaintiff stated that he
had purchased fiber board containers, and that the defend-
ant company need not consider itself under any further
obligation to furnish shook to him, and that, *thereupon by
mutual oral agreement between the parties, the performance
was waived and the contract orally canceled.*

[3] While respondent is correct in his position that
under section 1541 of the Civil Code, as well as under the
general principles of law applicable to contracts, it is neces-
sary that there be a consideration for the oral rescission of
the contract, nevertheless the offer of the defendant at the
trial covered this element. He offered to prove a *mutual
oral agreement* to cancel the contract. The release of the
plaintiff from his obligation to accept and pay for the shook
would have been a sufficient consideration for his release
of the defendant from its obligation to deliver the shook.
The broad ruling of the court excluded all evidence not in

writing, and we are uninformed as to what evidence the defendant might have produced to show a mutual oral agreement for abandonment of the contract. As the allegations of the answer upon this question would have been a complete defense to this action if they had been proven, and as the defendant was prevented from introducing proof thereof by the ruling of the court, the judgment must be reversed upon this ground. It is so ordered.

Nourse, J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 23, 1921.