[Civ. No. 11037.   Second Appellate District, Division One.—January 6, 1937.]

SAN ROQUE PROPERTIES, INC. (a Corporation), Appellant, v. HORACE F. PIERCE, Respondent.

Leland Crawford for Appellant.

J. F. Goux for Respondent.

BISHOP, J., *pro* ▮▮▮▮▮ ''It has been held many times that a written agreement may be abrogated by an oral contract and that in such a case section 1698 (of the Civil Code) has no application.'' (*Dugan* v. *Phillips*, (1926) 77 Cal. App. 268, 277 [246 Pac. 566], citing cases.) This is true, even where the subject matter of the written contract is the sale and purchase of real estate. (*Tompkins* v. *Davidow*, (1915) 27 Cal. App. 327 [149 Pac. 788]; *Haberman* v. *Sawall*, (1925) 72 Cal. App. 576 [237 Pac. 776].) The fact that one of the signatories is a corporation does not make the rule inapplicable. Note: *Hooke* v. *Great Western Lumber Co.*, (1921) 54 Cal. App. 681 [202 Pac. 492]; *Sauble* v. *Gary South Coast Agency*, (1922) 56 Cal. App. 606 [206 Pac. 141]; *Producers Fruit Co.* v. *Goddard*, (1925) 75 Cal. App. 737 [243 Pac. 686]; *Klein Norton Co.* v. *Cohen*, (1930) 107 Cal. App. 325 [290 Pac. 613].

On this appeal by the plaintiff from a judgment that a contract to buy real estate had been mutually abandoned and therefore plaintiff was not entitled to recover the sum of $2,100, which would be due if the contract were in force, the vital question presented is whether or not the evidence supports the finding that the corporation, which was a party to the contract, had agreed to the abandonment. In our opinion the evidence is sufficient, and the judgment must be affirmed.

▮▮▮ It is true that no formal action was taken by the board of directors of the corporation authorizing or approving the abrogation of the contract, but action by the directors was not necessary. (*Crowley* v. *Genesee Min. Co.*, (1880) 55 Cal. 273.) Abandonment may be effectually accomplished by the agents of a corporation. (*Sauble* v. *Gary South Coast Agency, supra; Producers Fruit Co.* v. *Goddard, supra; Klein Norton Co.* v. *Cohen, supra.*) As stated in *First National Finance Co.* v. *Five-O-Drilling Co.*, (1930) 209 Cal. 569, 574 [289 Pac. 844]: ''The decisions are numerous to the effect that whether a corporation is to be bound by a transaction does not depend so much upon the presence or absence of any express delegation of authority to the agent purporting to act for it, but is to be determined upon a consideration of all the circumstances connected with the transaction, including the manner in which the corporation ordinarily conducts its business.'' We do not interpret *Blair* v. *Brownstone Oil*

*Co.*, (1914) 168 Cal. 632 [143 Pac. 1022], as holding otherwise.

█ The evidence before us shows a corporation belonging in large part to the Edwards family of Santa Barbara, formerly owners of land which the corporation was selling. There were three directors: Forsyth, Edwards and Mrs. Edwards. A salesman was employed who negotiated the contract between the corporation and the defendant, upon which this action was based. To this salesman defendant reported his dissatisfaction with his deal, after he had paid a substantial sum, and his desire to be relieved of his contract upon forfeiting the sum paid. The salesman reported the desire of the defendant to Forsyth, president and director, who, with Edwards, had the active charge of the corporation affairs. Forsyth referred the matter to Edwards who "made the final decision in these matters". The salesman took the matter up with Edwards, and was informed that the defendant would not have to make any more payments.

The contract provided for monthly payments, and from the beginning the practice had been for the corporation to send out, monthly, reminders of payments coming due. In November, 1933, the defendant returned one of these reminders to the corporation with a notation in red ink that he was surrendering the lots he had purchased. Soon thereafter he saw Edwards, who said that the surrender was all right. Never again was a reminder sent to the defendant, and he heard nothing more of the matter until plaintiff, the assignee of the original contracting corporation, sent its agent around to see if defendant would not take the lots back at a reduced price.

The trial court was warranted in concluding that the defendant and the corporation with which he had contracted had mutually agreed upon an abandonment of their contract.

The judgment is affirmed. Respondent's application that we take evidence is denied.

Houser, P. J., and Doran, J., concurred.