[Civ. No. 22403. Second Dist., Div. One. Jan. 6, 1958.]

BOB M. HONDA et al., Appellants, v. CHARLOTTE REED, Respondent.

J. Marion Wright and Owen E. Kupfer for Appellants.

William Katz for Respondent.

WHITE, P. J.—Plaintiffs appeal from an adverse judgment in their action for damages for breach of contract to lease an apartment building and to buy the furniture therein.

Appellants' contention that "The Trial Court Erred in Finding That the Contract was 'Mutually Abandoned.'" will be considered first. For that purpose, we shall assume that there was a valid contract between the parties to the instant action. ■ The finding of the trial court that it was mutually abandoned will not be disturbed on appeal if there is any substantial evidence to support it. ■ Such abandonment may be shown by the conduct of the parties and need not be expressly stated in writing or orally.

The purported agreement in writing signed by the parties on or about November 18, 1952, provided, among other things, that an escrow be opened at the Security-First National Bank of Los Angeles to consummate said transaction. All parties expected that there would be an escrow before the agreement should be effective. By oral agreement, they were to meet on November 21, 1952, in the Escrow Department of the Security-First National Bank of Los Angeles, Main and Commercial Branch. The plaintiff, Bob M. Honda, and the plaintiffs' agent, Mr. Matsumoto, met the defendant there. Plaintiff, Yoshiye Honda did not come to the bank. Escrow instructions were prepared by the escrow officer at the instance of Mr. Matsumoto. They were given to defendant and plaintiff, Bob Honda, to read. They were never signed by any party, and no escrow was then or ever commenced to conclude the transaction contemplated by the purported agreement of November 18, 1952.

Although the purported agreement signed by the parties read, in part, "Received from Mr. B. M. Honda and Yoshiye Honda $500.00 to apply on purchase price of $13,000.00 for 10 year's leas. . . . furniture and furnishings of Flower Crest Los Angeles 130 S. Flower in the County of Los Angeles, State of California . . . Terms: $8000.00 in cash including the above deposit. . . .", the evidence is without conflict that no money was paid by plaintiffs to defendant and none was

deposited by plaintiffs in any escrow, or other place, with instructions to pay it over to defendant, upon delivery to plaintiffs of possession of the apartment house and the furniture therein.

On November 18, 1952, plaintiff Yoshiye Honda's check for $500 payable to Mr. Matsumoto was handed to him and retained by him until November 21st. Mrs. Reed refused to sign any papers at that time because of another sale which she then had in escrow and an exclusive listing which would not expire until April. Mr. Honda, according to his own testimony, said he would wait. Mrs. Reed left. The $500 check was then placed by Mr. Matsumoto in the hands of the escrow officer with no instructions to pay the money to Mrs. Reed, or that it was to be applied upon the cash payment called for by the purported agreement of November 18th.

In April, plaintiffs demanded that defendant perform the purported agreement of November 18th, but never at any time did plaintiffs make or tender any payment of money, or offer to perform the obligations to be performed by them under the provisions of the purported agreement.

The parties then and later negotiated for a new and different agreement. In the meantime, after November 21st and before plaintiffs demanded performance some time in April, defendant had expended some $10,000 in improving the apartments and had increased the rents. She, in April, told plaintiffs she would have to have a higher price if they wished to buy the apartments, or a higher rental and price for the furniture if they wished to lease the apartments and buy the furniture. They could not agree on the terms of either a purchase of the real property, or a lease and purchase of the furniture. After these negotiations failed, the present action was commenced July 7th to enforce specific performance of the purported agreement of November 18th. The action was tried on the third amended complaint which alleges a cause of action for damages for breach of contract.

Appellants urge that the decision in *Tuso* v. *Green,* 194 Cal. 574 [229 P. 327], requires that the judgment in the instant action be reversed for the reason that there is in the record no evidence of any consideration for a mutual abandonment of the purported contract of November 18th. In the Tuso case, *supra,* the judgment for plaintiffs was affirmed for the amount paid by defendant into escrow to apply upon the purchase price of plaintiffs' real property. Defendant had been unable to complete payment in accordance with the pro-

visions of the escrow and had so notified plaintiffs, who thereafter sold the property to another party, and brought suit for the amount paid into escrow by defendant. Defendant contended that the contract had been mutually abandoned by the parties. After stating, at page 582, that it was not necessary to determine the question, the court said that, if defendant's letter that he "will be unable to make payments as instructions in buyer's escrow" could be "deemed an offer of rescission," there is no evidence that plaintiffs accepted such offer, and that plaintiffs had the right to sell the premises to a stranger in the absence of any rescission, because by defendant's breach of his contract he had freed plaintiffs' land from his claim. The Tuso case, *supra,* therefore, is not determinative of any question now engaging our attention.

■ "The mutual rescission or abrogation of a written contract may be effected by an oral agreement whether executed or not . . . ■ It is true, as appellants assert, that such agreement must be supported by a sufficient consideration, but such consideration is present here in the form of the mutual cancellation of executory contractual rights. When such is the case each party has suffered a legal detriment in giving up such rights and the consideration is adequate." (*Sass* v. *Hank,* 108 Cal.App.2d 207, 215 [238 P.2d 652].) (See also *Grant* v. *Aerodraulics Co.,* 91 Cal.App.2d 68, 75, 76 [204 P.2d 683] ; *Sistrom* v. *Anderson,* 51 Cal.App.2d 213, 219 [124 P.2d 372].)

■ Abandonment of a contract may be implied from the acts of the parties in negotiating for a new and different contract concerning the same property or subject matter. (*McCreary* v. *Mercury Lbr. Distributors,* 124 Cal.App.2d 477, 486 [268 P.2d 762] ; *Unger* v. *Isaacs,* 123 Cal.App.2d 533, 535 [266 P.2d 869].)

■ Assuming that the deposit receipt, the lease for a term of ten years beginning December 1st, and the conditional sale agreement, all of which were signed by the parties hereto on November 18th and were present at the Security-First National Bank on November 21st, constituted a completed and binding agreement between them, that agreement could have been "altered by a contract in writing or by an executed oral agreement, and not otherwise." (Civ. Code, § 1698.)

■ Section 1698 of the Civil Code, however, has no application to the abandonment by mutual consent of an agreement in writing. ■ Abandonment is not an "alteration" or modification of a contract. Abandonment of a contract ter-

minates it and entirely abrogates so much of it as is unperformed. (*Grant* v. *Aerodraulics Co., supra,* p. 75, and cases there cited.)

█ A contract may be mutually abandoned by the parties at any stage of its performance or before any performance has been commenced, and by such abandonment each party is released from any further performance, or, as in the instant action, each party is released from any performance at all. (*Martin* v. *Butter,* 93 Cal.App.2d 562, 566 [209 P.2d 636], and cases there cited; *Evans* v. *Rancho Royale Hotel Co.,* 114 Cal.App.2d 503, 508 [250 P.2d 283].)

We are satisfied that the facts and circumstances of the instant action support the finding that the purported agreement of November 18th was abandoned by mutual consent of the parties.

There having been a mutual abandonment of such contract, it is immaterial whether the contract was ever intended by the parties to be binding upon them in the absence of an escrow.

For the same reason ten other specifications of error urged by appellants need not be considered or decided.

The judgment is affirmed.

Doran, J., and Fourt, J., concurred.