[Civ. No. 674.  Second Appellate District.—July 21, 1909.]

## F. E. PROUD, Respondent, v. THOMAS STRAIN, Appellant.

ACTION FOR GOODS SOLD—ANSWER SETTING UP WRITTEN CONTRACTS—
CAUSE OF ACTION—ISSUE.—Under a complaint to recover a balance
for goods sold by plaintiff and his assignors, at defendant's request
for an agreed price, and setting up *quantum valebat* counts, and
an answer setting up written contracts for sales upon commission,
the plaintiff's cause of action does not depend upon the writings
or upon the cancellation thereof, but upon entirely new and distinct
contracts of sale, and the issue raised is whether the contract pleaded
by the plaintiff, or the one pleaded by the defendant, should de-
termine the rights of the parties.

ID.—AMENDMENT ORDERED BY COURT—SETTING ASIDE OF WRITTEN CON-
TRACT—SUPPORT OF VERDICT.—When the plaintiff properly offered
evidence in support of his original complaint, but the court sustained
an objection thereto, as varying the written contracts alleged in
the answer, and ordered an amendment to the complaint, requiring
the plaintiff to allege the abandonment or setting aside of the writ-
ten contract as a condition of the admission of evidence under the
complaint, the allegation thus thrust into the pleading, or a find-
ing thereupon in favor of the plaintiff, is not essential to sustain
a verdict for the plaintiff.

ID.—EVIDENCE SUPPORTING ABROGATION OF WRITING—WAIVER.—*Held,*
that the evidence supports an express or implied finding by the jury
that a new oral obligation had been substituted for the writing, and
that an absolute sale made thereunder is evidence of a waiver of
all rights of the defendant under the commission contract.

ID.—SUBSTITUTION OF ORAL AGREEMENT—CONSTRUCTION OF CODE.—When
an oral agreement is substituted for an existing written agreement,
section 1698 of the Civil Code has no application.

ID.—WAIVER OF RIGHTS NOT REQUIRED TO BE EXPRESS.—The waiver of
the rights of the defendant under the written agreement need not
be in the nature of an express agreement.

ID.—ESTOPPEL OF DEFENDANT—ABSOLUTE PURCHASE.—The defendant
could not, while making an absolute purchase from the plaintiff,
say that the old written contract was in force as to the very goods
which he was buying.

ID.—SUPPORT OF VERDICT—CONFLICTING EVIDENCE—WEIGHT OF EVIDENCE.
Where the evidence is conflicting, the weight of the evidence is for
the jury to determine in the first instance, and the decision of the

trial court in denying the motion for a new trial that the verdict is not against the weight of the evidence is conclusive upon appeal.

ID.—ABUSE OF DISCRETION UPON QUESTION OF FACT NOT REVIEWABLE.— There is no review upon appeal for an abuse of the discretion of the trial judge in passing upon the question of fact as to the weight or preponderance of the evidence.

APPEAL from an order of the Superior Court of Orange County, denying a new trial. Z. B. West, Judge.

The facts are stated in the opinion of the court.

G. E. Harpham, for Appellant.

E. J. Marks, H. C. Head, and R. Y. Williams, for Respondent.

TAGGART, J.—Action for goods sold and delivered. Judgment for plaintiff, and defendant appeals from the order of the trial court denying his motion for a new trial.

From the bill of exceptions in the record it appears that plaintiff went to trial on a complaint which alleged the sale and delivery by plaintiff to defendant, at the latter's request, between March 22, and May 11, 1906, of a certain quantity of cabbage at an agreed price, the payment of a part of said price and the nonpayment of a balance of $667.09; the same matter was stated as a second cause of action for the same sum upon a *quantum valebat* count. The complaint also alleged seven other causes of action, doubly stated in the same manner, based upon sales of cabbage made to defendant by seven different persons who had assigned their respective claims therefor to plaintiff. All of said sales took place between March 19 and June 27, 1906. The aggregate of unpaid balances in the several causes of action being stated at $2,141.41, for which a judgment was asked. Defendant answered, denying that any sales of cabbage had been made to him by plaintiff or any of his assignors, and alleged that all the cabbage mentioned in the several causes of action was received by him under and by virtue of several and distinct agreements in writing made by defendant with the plaintiff and each of said assignors, each of which writings was in substance as follows: "I agree to sell my cabbage for the

season of 1906 through Thomas Strain, he to receive 10% (ten per cent) and cost of crating and loading as compensation for marketing same.'' These writings were each set out in full in the answer, showing the signature of plaintiff and his assignors thereto, and the dates thereof, respectively, range from February 13, 1906, to March, 1906.

When plaintiff attempted to introduce evidence of the terms of the sale of the cabbage to defendant, at the trial, the defendant objected on the ground that the answer would be incompetent if it attempted to vary the terms of the written agreement set out in the answer, and on the further ground that it was not the best evidence, because the written contract set up in the answer was the best evidence of this. Plaintiff then offered to prove a sale of the cabbage, as alleged in his complaint, to Thomas Strain entirely separate and distinct from the agreement set out in defendant's answer. Whereupon defendant objected to the introduction of any evidence as to the terms of any agreement to sell, or sale, other than the written agreements set out in defendant's said answer, and the court sustained this objection and required plaintiff to amend his complaint by alleging the abandonment or setting aside of the contract set out in defendant's answer before he could offer any evidence as to any other sales. This allegation was inserted under the ruling of the court, and it is contended by appellant that there is no evidence to support the special finding in plaintiff's favor on this issue, or the finding, in plaintiff's favor on this element of his case, implied by the general verdict for plaintiff.

Plaintiff's cause of action did not rest upon the writing, or the cancellation of the writing, which the court required him to allege was set aside and abandoned, but upon a sale of the cabbage to defendant. The contract sued on by plaintiff was not an alteration of the writing pleaded in defendant's answer, but an entirely new and distinct contract. The pleadings as originally framed raised the issue whether the contract pleaded by plaintiff or that pleaded by defendant should determine the rights of the parties. It was not necessary that there should be an express destruction, cancellation or setting aside of the first contract in order that plaintiff might state a cause of action under the new. We do not regard the allegation thus thrust into the plaintiff's plead-

ing, or a finding thereon in his favor, as necessary to sustain the verdict in his behalf. Taking the complaint, however, as amended by order of the court, the allegation that a new obligation has been substituted for the old finds support in the evidence. The new oral obligation created by the absolute sale of the cabbage to the defendant abrogated the commission contract, and evidence of the creation of the new contract is evidence of the waiver of all rights under the commission contract by defendant. He could not while making an absolute purchase of the cabbage say that the old contract was still in force as to the very cabbage which he was buying. To such a new agreement, substituted for an existing written agreement, section 1698 of the Civil Code has no application. (*Pearsall* v. *Henry,* 153 Cal. 314, 325, [95 Pac. 154, 159].)

Appellant's three points made, to wit, that there was no evidence to sustain a finding that the commission contract was set aside, that there was no evidence of any sales made by plaintiff and his assignors to defendant, and, that there was no evidence to show that other agreements of sale were substituted for the commission agreements, are all included in the one question, ''Was there a *sale* of the cabbage to defendant?'' The evidence as to the waiver of all rights of defendant under the commission contracts (if he acquired any rights thereby) need not be in the nature of an express agreement. While the instructions given by the court at the request of the defendant, and the requirement of the court that the plaintiff amend his complaint so as to allege formally that the commission agreement was set aside and abandoned by the agreement of the parties, gives some color to appellant's contention that the trial court intended by its instruction to require the proof of a formal agreement to abrogate or abandon, yet we do not think this is the necessary construction of the language of the instruction. There is nothing in the instruction inconsistent with the construction placed thereon by the jury by their special finding, to wit, that the intention to abandon the old agreement and substitute a new one might be implied from the acts of the parties, even in the absence of any express statements of such an intention by the parties. Under this view, there is abundant evidence to sustain a finding that there was a sale of the cabbage to defendant as distinguished from a delivery to him

to be sold on commission, and from this the inference might well be drawn that the commission agreement was abandoned.

Plaintiff and each and every of his assignors testified that he *sold* the cabbage to the defendant. While the testimony may be in the form of a conclusion, the form of it was not objected to when given. Each of the parties to the respective writings testified, in substance, that nothing was ever done under the original agreement. Again, none of the written statements of account made by defendant to the parties delivering the cabbage, which were rendered before this action was brought, showed any charge either for commission, crating, or loading, while on the day following the service of the summons regular account sales on a commission basis, with deductions for commissions, crating and loading, were forwarded to those to whom the ordinary statement of account, such as might have been made in case of a straight sale, had been previously rendered. That defendant explained why the first statements were so made out, and expressly denied that he had purchased any of the cabbage or accepted it in any manner, except under the writings pleaded in his answer, does not affect the question as this court must consider it. His testimony only raised a conflict in the evidence and the jury decided this in favor of plaintiff.

The rule invoked by appellant that the trial judge should set aside the verdict if satisfied that it is against the weight of the evidence is one that can be urged only in the trial court. The conclusion of the trial judge on the application of that rule is final. There is no review here for an abuse of discretion in that respect. This court will not inquire into the question of fact for the purpose of ascertaining where the preponderance of evidence lies.

No prejudicial error being presented by appellant, the order is affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 20, 1909, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 16, 1909.