[Civ. No. 702.    Second Appellate District.—November 3, 1909.]

## F. SARNIGHAUSEN, Respondent, v. J. O. SCANNELL et al., Defendants; J. K. HAWK and R. M. MARTIN, Appellants.

ACTION ON NON-NEGOTIABLE NOTE BY ASSIGNEES AGAINST INDORSERS—DEFENSE—CONTRACT OF MAKER WITH PAYEES FOR SECURITY AND CANCELLATION—DUTY OF MAKER.—In an action on a non-negotiable note by assignees thereof against indorsers, where a defense was interposed that the payees and the maker had agreed that upon the furnishing of security by such maker from a title insurance and trust company, the note was to be returned and canceled, the duty was thereby imposed upon the maker to furnish such security, and in the absence of the performance or tender of performance thereof on the part of the maker, the payees were not required to do any act under the agreement, the note being required to be surrendered for cancellation only upon giving the security required.

ID.—FINDINGS AGAINST DEFENSE—PRIOR CONSIDERATION—INDORSEMENT NOT INDUCED BY CONTRACT—UNPERFORMED CONTRACT.—Findings upon sufficient evidence that the consideration of the note sued upon was received by the maker prior to the contract pleaded in defense, and that the indorsers were not induced to indorse it by reason of the execution of such contract, and which establish that the contract was unperformed in fact by the maker or indorsers, and that there was no tender of performance thereof, and no request made of the payees to perform the same on their part, the facts so established dispose adversely of the defense pleaded.

ID.—IMMATERIAL FINDING—READINESS OF MAKER TO PERFORM.—It being established that the contract was wholly unperformed in fact, a finding that the maker has at all times been ready, able and willing to perform and cause to be performed the terms and conditions of said agreement, is wholly immaterial.

ID.—FINDING—CONSENT TO FAILURE OF PERFORMANCE BY PAYEES—RESCISSION ESTABLISHED.—A finding that defendants have consented to any failure of performance on the part of the payees, and had accepted from them a return of the duplicate copy of the contract furnished them, sufficiently establishes a rescission of the contract by consent of the parties.

ID.—FINDING OF RESCISSION NOT OUTSIDE ISSUES—MATTER OF IMPLIED REPLY TO ANSWER.—Since the law provides for no pleading by way of replication to the answer, a finding that the contract pleaded in the answer was rescinded by mutual consent is not outside the issues, but is matter of proof by way of implied reply to the answer, which is deemed to be controverted in law. Where a contract is pleaded in the answer by way of special defense, the plaintiff, without pleading it, may show in proof that the contract was procured by fraud, menace or duress, or has been rescinded.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. George H. Hutton, Judge.

The facts are stated in the opinion of the court.

Avery & French, for Appellants.

Z. B. Stuart, and Wellborn & Wellborn, for Respondent.

SHAW, J.—Plaintiff sues to recover upon a non-negotiable promissory note transferred and assigned to him by Juliette and Mary E. Burns, to whom the note had been made and executed by the defendants.

Judgment was rendered against defendants Hawk and Martin (service of process not being obtained upon Scannell), from which, and an order denying their motion for a new trial, they prosecute this appeal.

As a defense to the action, Hawk and Martin allege in their answer that at the time of the making and delivery of the note to plaintiff's assignors the latter did, for the purpose of securing the former to sign the same and for the benefit of said Hawk and Martin, execute and deliver to defendant J. O.

Scannell a certain agreement in writing, prepared by defendant Martin, which is as follows:

"This agreement entered into this 3rd day of May, 1907, by and between J. O. Scannell, party of the first part, and Dr. Juliette and Mary E. Burns, party of the second part, both of the city and county of Los Angeles, state of California.

"Witnesseth: That for and in consideration of the sum of two thousand five hundred dollars ($2,500) to be loaned to the said party of the first part by the party of the second part,

"One thousand dollars ($1,000 ) of said loan to be paid in cash, receipt of which is hereby acknowledged. The remaining one thousand five hundred dollars ($1,500) to be paid on or before thirty days from date of this agreement.

"The party of the first part agrees to give his note for the one thousand dollars ($1,000) the cash sum paid him on this contract this date. Said note to be dated May 3rd, 1907, and maturing on or before one year from said date, and said note to be endorsed by Mr. R. M. Martin and Mr. J. K. Hawk, all of the city and county of Los Angeles, state of California.

"It is further understood and agreed that this sum of two thousand five hundred dollars ($2,500) is to be secured by the filing with the Title Insurance and Trust Company this agreement and that they as trustee for the party of the first part will make a trust agreement with the party of the second part to secure the payment of the aforesaid two thousand five hundred dollars ($2,500) coming after a trust agreement of seven thousand dollars ($7,000) now bearing against the undivided one-half interest in and to the twenty-eight (28) feet on the plaza by sixty and one-half (60½) feet on Los Angeles street. This lot covered by a two-story brick building. The title to the said undivided one-half interest of the party of the first part now resting in the Title Insurance and Trust Company as trustee.

"It is further understood and agreed that when this agreement is filed with the Title Insurance and Trust Company to secure the aforesaid sum of two thousand five hundred dollars ($2,500) advanced by the party of the second part to the party of the first part, that the note for one thousand dollars ($1,000) endorsed by R. M. Martin and J. K. Hawk is to be canceled and returned to the said party of the first part, and the security for the sum of two thousand five hundred

dollars ($2,500) advanced to the party of the first part is to rest in the trust agreement above mentioned.

"This sum of two thousand five hundred dollars ($2,500) is to bear interest at the rate of eight per cent (8%) per annum until paid."

Upon sufficient evidence the court, in effect, found that while the agreement had been duly executed by Juliette and Mary E. Burns, who retained a duplicate copy thereof, the same was made subsequent to, and was no part of, the transaction involving the loan for which Scannell and appellants made the note herein sued upon; and also found that appellants were not induced to sign the note by reason of the execution of the agreement. Notwithstanding this finding, appellants contend that had the agreement been consummated, it would have resulted in the surrender and cancellation of the note, thus absolving them from liability thereon. Conceding this to be true, we fail to see wherein plaintiff's assignors were in default. Under the agreement it was the implied duty of Scannell to file the agreement and procure from the title insurance and trust company such evidence of the indebtedness and security for the payment thereof as the contract contemplated. In the absence of any performance or tender of performance of this obligation on the part of Scannell, Juliette and Mary E. Burns were not called upon to do any act whatsoever under the agreement. The note was to be surrendered only upon the giving of the security by Scannell. That "Scannell has at all times been ready, able and willing to perform and cause to be performed the terms and conditions of said agreement," as found by the court, is wholly immaterial. The fact remains that neither he nor appellants ever performed or offered to perform the implied obligation imposed upon Scannell, without which no duty devolved upon plaintiff's assignors to make the additional loan of $1,500 or surrender the note. To hold that this unexecuted contract can be interposed as a defense to a recovery herein would, indeed, be a monstrous proposition.

The court also found that while Juliette and Mary E. Burns had failed to perform any of the terms of the agreement on their part, no request had ever been made by defendants that they perform the same, "but, on the contrary, defendants have at all times . . . consented to the failure" of per-

formance on the part of said Juliette and Mary E. Burns, who some three or four months after the making of said agreement tendered to appellants the duplicate copy of said agreement so left with them, and appellants accepted the return thereof. Even if we should concede the default of plaintiff's assignors, nevertheless, defendants' failure to perform and their *consent* to like failure of performance on the part of plaintiff's assignors, coupled with the acceptance of the return of the duplicate copy of the agreement, is amply sufficient to show a rescission of the agreement by consent of the parties thereto. (Civ. Code, sec. 1689.)

There is no merit in appellants' contention that this finding is outside the issues. Under our form of pleading, there is no opportunity offered for the filing of a replication to the answer. (*Colton L. & W. Co.* v. *Raynor,* 57 Cal. 588.) When affirmative matter is pleaded as a defense it is deemed to be denied. (Code Civ. Proc., sec. 462.) Thus, where a contract is set up as a special defense plaintiff, without pleading such matter, may show that it was procured by fraud, menace or duress, or that it has been rescinded. (*Sterling* v. *Smith,* 97 Cal. 343, [32 Pac. 320] ; *Brooks* v. *Johnson,* 122 Cal. 571, [55 Pac. 423] ; *Moore* v. *Copp,* 119 Cal. 429, [51 Pac. 630].)

Judgment and order are affirmed.

Allen, P. J., and Taggart, J., concurred.