[Civ. No. 1500.  Second Appellate District.—May 19, 1914.]

A. L. SMYTH, Appellant, v. W. F. TENNISON, Respondent.

CONTRACT—CROPPING AGREEMENT—RIGHT TO GRAIN WHEN HARVESTED AND THRESHED.—Where the owner of land, having the possession thereof and having a crop of maize growing thereon, enters into an oral agreement whereby another is to cultivate and harvest the crop for one-fourth thereof, the contract is one of employment and does not create the relation of landlord and tenant between the parties nor transfer the right to possession of any part of the grain when threshed.

ID.—POSSESSION OF GRAIN—REPLEVIN TO RECOVER FROM CROPPER.—If the cropper surreptitiously takes possession of one-fourth of the grain, after the crop is harvested and threshed, the owner of the land may replevy the same.

ID.—BREACH OF CONTRACT—REMEDY OF CROPPER.—If the landowner declines to comply with the agreement, the cropper's remedy is an action for breach of contract.

ID.—ORAL AGREEMENT—INTERPRETATION BY JURY.—The contract being oral, its interpretation in the first instance is a question of fact to be determined by the jury; but if their interpretation is clearly erroneous, it becomes the duty of the trial court, upon application therefor, to set the verdict aside and grant a motion for a new trial.

APPEAL from a judgment of the Superior Court of Imperial County and from an order refusing a new trial. Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

Frank Birkhauser, for Appellant.

A. L. Sebille, for Respondent.

SHAW, J.—Action in claim and delivery. It appears that plaintiff was the owner and in possession of a piece of land upon which he had grown a crop of milo maize. About August 1, 1912, as shown by the testimony of defendant, he and plaintiff entered into an oral agreement whereby plaintiff employed defendant to perform the labor in cultivating and bringing the crop of grain to maturity. "The agreement between us," says defendant, "was that he would give me one-fourth of the crop for maturing it from that time on, and he would guarantee me $500 out of the job. I went to work under those conditions. . . . I quit about the 15th of January. That crop consisted of about 2000 sacks, according to the threshers' tally. . . . Mr. Smyth was to pay all the bills and give me one-fourth of the crop." It further appears that defendant performed labor in the cultivation of the crop until the same was matured, and that about December 1st plaintiff, at his own expense, had it harvested, threshed, put into sacks and stacked or piled up upon his land; that on the night of January 15th, without plaintiff's knowledge or consent, defendant, using plaintiff's team of mules therefor, took and hauled away to a place which he had rented, five hundred sacks of the grain. Whereupon plaintiff instituted this action whereby he recovered possession of the property so taken by defendant and sold the same. The case was tried before a

jury which found the value of the property replevined by plaintiff to be $562.50, and rendered a verdict in favor of defendant. Judgment followed, from which, and an order denying plaintiff's motion for a new trial, plaintiff appeals.

Among other grounds upon which the motion for a new trial is based is insufficiency of the evidence to justify the verdict. It conclusively appears that plaintiff at all times was the owner and in possession and control of the land upon which the crop was planted and grown, and it must follow, in the absence of some act whereby he transferred his right, that he was the owner and entitled to possession of the crop so grown upon the land after its severance from the soil. (24 Ency. of Law p. 486; *Halleck* v. *Mixer,* 16 Cal. 574; *Kimball* v. *Lohmas,* 31 Cal. 154.) As showing such transfer of right, defendant relies solely and alone upon the alleged agreement, the existence of which is denied by plaintiff. Conceding, as we must, the making of the contract as claimed by defendant, it does not purport to be other than a contract for the employment of defendant. It cannot be construed as creating the relation of landlord and tenant between the parties, nor as transferring the right of possession to the grain. At no time until surreptitiously asported, for the reason, as stated by defendant, "I thought he (plaintiff) might sell them (the sacks) before *giving* me my share," did defendant have possession of the grain. In thus gaining possession he was a trespasser and obtained no rights by such wrongful taking. Defendant's remedy, in case plaintiff refused to comply with the agreement and give him one-fourth of the grain for the labor performed, was an action upon the contract for a breach thereof, rather than the peculiar proceeding adopted for the enforcement of his rights. It is true, since the contract was oral, its interpretation in the first instance was a question of fact to be determined by the jury; but since such interpretation was clearly erroneous, it became the duty of the trial court, upon application therefor, to set the verdict aside and grant the motion for a new trial. Our conclusion renders it unnecessary to discuss the alleged misconduct of the jury assigned as another ground in support of the motion.

The judgment and order appealed from are reversed.

Conrey, P. J., and James, J., concurred.