[Civ. No. 1370. First Appellate District.—September 19, 1914.]

INTERNATIONAL TEXTBOOK COMPANY, Appellant, v. HAROLD C. HOLMES, Respondent.

CLAIM AND DELIVERY—FINDING FOR DEFENDANT ON PARAMOUNT ISSUE— MATERIALITY OF OTHER FINDINGS.—In an action of claim and delivery by a foreign corporation to recover the possession or value of certain books a finding that the defendant is not guilty of the conversion charged is a finding upon the paramount issue which in itself disposes of the case on its merits and supports an ultimate judgment for the defendant. Hence a further finding as to the value of the property in suit is immaterial and unnecessary, and a contention by the plaintiff that it is contrary to the evidence becomes unavailing.

ID.—ACTION BY FOREIGN CORPORATION—EFFECT OF NONCOMPLIANCE WITH LAW.—For the same reason another finding that the plaintiff had not the legal right to maintain the action, because of noncompliance with the law requiring it to file a copy of its articles with the secretary of state, may be ignored.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. O. Moncur, Judge presiding.

The facts are stated in the opinion of the court.

Lew B. Douglass, and Alexander & O'Donnell, for Appellant.

H. U. Brandenstein, for Respondent.

LENNON, P. J.—The plaintiff in this action is a foreign corporation doing business in this state. The business of the plaintiff is that of teaching students by the correspondence method. The appeal was prepared and perfected under the new or alternative method from a judgment rendered in favor of the defendant in an action of claim and delivery wherein the plaintiff sought to recover the possession or the value of a certain lot of books. The books in controversy were delivered to various students of the plaintiff in the state of California, under the terms and conditions of a written contract. Subsequently the books were found in the possession of the defendant. The plaintiff's complaint proceeded upon the theory that the possession of the books in question by the students was the plaintiff's possession, and alleged that the defendant wrongfully and unlawfully took the books from the possession of the plaintiff and refused to return the same upon demand. The answer of the defendant denied the tort and pleaded in abatement the plaintiff's noncompliance with the provisions of the Civil Code which require that before a foreign corporation may maintain a suit or action in any of the courts of this state, it must file with the secretary of state a certified copy of its articles of incorporation and a designation of a person upon whom process may be served. (Civ. Code, secs. 405, 408, 410.)

The judgment-roll is accompanied by a special and limited transcription of the evidence taken upon the trial, that is to say, the transcript purports to show only so much of the evidence received upon the trial as relates to and bears upon two findings of the court below;—namely, the finding sustaining the defendant's plea in abatement and the finding declaring that the property in suit had no value beyond its market value. But two points are made in support of the appeal; and they are:—1. That the finding of value is contrary to the evidence; and, 2. That the lower court erred in its conclusion of law that the plaintiff had no legal capacity to sue in this state because of the undisputed fact that it had failed to comply with the provisions of section 405 et seq. of the Civil Code. The condition of the record before us renders the two points stated unavailing to the plaintiff. In the first place, it is doubtful if the record shows any evidence to the effect that the books in question had a special value. In any event, the evidence upon that phase of the case is in substantial conflict

and for this reason, if for no other, the finding must stand. But, aside from these considerations, the record shows a further finding to the effect that the defendant was not guilty of the conversion charged. The latter finding is not assailed. Obviously the latter finding presents the paramount issue in the case; that is to say, it is a finding upon an issue which in itself disposes of the case upon its merits, and having been made in favor of the defendant the further finding as to the value of the property in suit was immaterial and unnecessary. (*Rosewarn* v. *Washington Gold Mining Co.,* 84 Cal. 219, [23 Pac. 1035].) The paramount finding in the case is sufficient to support the ultimate judgment rendered in favor of the defendant; and therefore the conclusion of law that the plaintiff had not the right to maintain the action may be ignored. (*Spencer* v. *Duncan,* 107 Cal. 423, [40 Pac. 549]; *Lange* v. *Waters,* 156 Cal. 142, [103 Pac. 889].)

The judgment appealed from is affirmed.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 18, 1914.