[L. A. No. 7214. In Bank.—January 23, 1923.]

NELLIE McCLURE, Respondent, v. A. ALBERTI et al., Appellants.

[1] CONTRACT — SALE OF GRAPES — SUBSEQUENT ORAL AGREEMENT — ABROGATION OF WRITTEN CONTRACT.—Where, after a written contract for the sale of grapes had been partly performed, the remaining grapes were damaged by rain and it was thereupon agreed that the balance of the boxes of the buyer on the place should be filled and the deal closed for the year, the trial court was justified in finding in an action for the balance due for delivered grapes that the written contract had been mutually abandoned and that the new agreement was an abrogation instead of a modification or alteration of the former contract.

[2] ID.—ACTION FOR PRICE — PLEADING — AMENDMENT TO CONFORM TO PROOFS — LACK OF PREJUDICE. — The defendants in such action were not prejudiced by the action of the trial court in permitting the plaintiff after the evidence was closed, but before decision, to amend her pleadings by setting up the mutual abandonment of the written agreement, where all the facts were before the court and its findings conclusively established the liability of the defendants, irrespective of whether the issue was one of an alteration of the written contract, as alleged in the original pleadings, or its entire abandonment and the substitution of the oral agreement.

APPEAL from a judgment of the Superior Court of Los Angeles County. J. L. Fleming, Judge *pro tem.* Affirmed.

The facts are stated in the opinion of the court.

H. A. Massey, John L. Richardson and Geo. S. Hupp for Appellants.

Charles Robert McCarty and William C. Jensen for Respondent.

WASTE, J.—Plaintiff recovered judgment, and defendants have appealed. The plaintiff, as executrix of the estate of John McClure, deceased, entered into a written contract with the defendants whereby plaintiff sold and the defendants bought 400 tons of grapes at the agreed price

of $15 per ton, delivered and packed on board the cars. About 79 tons of grapes had been delivered and accepted, when the rain damaged those remaining in the vineyard. Thereupon, John Q. McClure, the manager of the estate, who had full authority in the matter, had a conversation with Robert Alberti, one of the appellants, the result of which was an abandonment of the contract by mutual consent of the parties. An oral agreement was entered into to the effect that appellants would select various portions of the vineyard from which sufficient grapes might be picked to fill the boxes of the appellants then on the place. This arrangement was carried out, appellants made their selection, and 25 tons of grapes were delivered by respondent to appellants at the railroad station.

Appellants never made any further demand on respondent for grapes. The respondent delivered to appellants, in all, 104.17 tons of grapes at the agreed purchase price of $15 a ton, making the total price $1,562.55. Appellants paid on account all but the sum of $365.74. Respondent made demand for the payment of this amount, and the appellants sought to surcharge the account with the value of a large number of boxes claimed by the appellants to have been delivered to the respondent and lost by her. The parties were unable to reach a settlement, whereupon respondent commenced this action to collect the balance due for the grapes delivered. The appellants answered, and thereafter filed a cross-complaint alleging damages for the failure of respondent to deliver the balance of the grapes specified in the written agreement, placing their loss of profits at $1,479.15, and alleging an additional loss of $46.80 for boxes lost or destroyed by the respondent. The respondent answered the cross-complaint, denying its allegations, and as special defenses to the claim for damages for the alleged nondelivery of grapes asserted an alteration of the contract, that further performance had been prevented by the appellants, and that other grapes were available in the open market, equally accessible and at an equal or less price than that agreed to be paid by the terms of the contract.

The trial court found that the agreement was in fact abandoned. It, in effect, upheld all of the special defenses of the respondent, and found that respondent had suffered

a few boxes belonging to the appellants to be lost or destroyed, amounting in value to $4.20. After crediting this amount, it rendered judgment in favor of respondent and against the appellants for $361.54, together with the costs of suit, and adjudged that appellants take nothing by reason of their cross-complaint. From this judgment the appeal is taken.

[1] The evidence fully sustains the finding of the trial court that the written agreement for the sale and purchase of the grapes was mutually abandoned by the parties and that each of them was thereby released from any further obligation by reason of its terms, the new oral agreement abrogating the former contract. This finding we think is correct. The oral agreement, found by the court, was not a modification or alteration of the written agreement, but was a new agreement superseding that then existing. The idea conveyed by the evidence and the findings is that the written agreement was abrogated. (*Pearsall* v. *Henry,* 153 Cal. 314–325 [95 Pac. 154, 159].) The record shows at the time John Q. McClure, on behalf of the respondent, and Robert Alberti, acting for the appellants, were considering the damage caused to the grapes by the rain, and the new oral agreement was entered into, Alberti said: "That concludes our proposition for this year." McClure told Alberti "to go ahead and fill up the balance of his boxes and send them down, and then we would quit. He [Alberti] was the one that said, 'then we will quit,' and I [McClure] agreed with him. He said, 'fill up the balance of the boxes, that will conclude the proposition,' or something, 'our proposition,' or 'deal for this year.'"

The claim of the respondent and the finding of the court that the written agreement was abandoned is further borne out by the fact that appellants made no demand on the respondent for further deliveries during the grape season of that year. Aside from the damage done to respondent's grapes by the rain, which is the reason assigned by appellants for the abandonment of the contract, there is the further significant fact, found by the court from the evidence in the record, that appellants were able to purchase in the open market the same kind of grapes as those bought from the respondent at a lower price per ton.

An easy computation discloses that the grapes received by the appellants under the original contract have been fully paid for. The present action is, in effect, one in assumpsit for the agreed value of the grapes delivered under the oral agreement. (*Castagnino* v. *Balletta*, 82 Cal. 250, 258 [23 Pac. 127].) The evidence fully supports the findings of the trial court, which in turn uphold the judgment.

[2] After the evidence was closed, but before decision, the trial court permitted the respondent to amend her third amended complaint and her amended answer to the second amended cross-complaint of the appellants by setting up the mutual abandonment of the written agreement by the parties—the allegation theretofore having been merely that the parties "entered into an oral agreement in alteration of said written agreement." Appellants sought to demur and to answer to respondent's pleadings as amended, claiming that a new cause of action and a new defense were set up  The demurrers and the answer were stricken from the files. Appellants were not prejudiced by this action. As we read the record, the amendment, in effect, was merely one to conform to the proofs. Assuming that an additional issue was tendered by the amendment, we cannot see how the testimony in the case could have been different from that already introduced. All the facts were before the court, and its findings conclusively establish the liability of the appellants, irrespective of whether the issue was one of an alteration of the written contract or its entire abandonment, and the substitution of the oral agreement.

The judgment is affirmed.

Wilbur, C. J., Myers, J., Seawell, J., Kerrigan, J., Lawlor, J., and Lennon, J., concurred.

Rehearing denied.

All the Justices concurred.