[Civ. No. 2738. Third Appellate District.—January 14, 1924.]

JAMES BEVANS, Plaintiff and Respondent, v. J. A. HUNTINGTON, Cross-complainant and Appellant; V. E. GUNTER, Defendant and Respondent.

[1] CONTRACTS — CONSTRUCTION OF IRRIGATION CANAL — ORAL TERMINATION.—Where a written contract for the construction of part of an irrigation canal is not for the construction of any definite section of the canal or for any given quantity of work or for work to be continued for any given time, but only to do excavation work indefinitely at a given price per yard, either party has a right to terminate the contract at any time, and such contract is terminated when one of the parties orally in-

forms the other that the former will no longer continue the work under the terms of the contract; and after such contract has been abandoned by mutual consent, the parties thereto may enter into a valid oral contract for the continuance of the work on a new basis.

APPEAL from a judgment of the Superior Court of Yuba County. Eugene P. McDaniel, Judge. Affirmed.

The facts are stated in the opinion of the court.

Raymond A. Leonard, W. H. Carlin and Andrew J. Lloyd for Appellant.

W. E. Davies for Plaintiff and Respondent.

R. R. Raish for Defendant and Respondent.

FINCH, P. J.—This is an appeal from a judgment in favor of plaintiff against defendant Huntington. The parties entered into a written contract containing the following terms:

"Whereas said J. A. Huntington, party of the first part, has entered into a contract with Cordua Irrigation District to build and construct a main irrigation canal according to plans and specifications attached to said contract; and

"Whereas, the said V. E. Gunter and James Bevans, parties of the second part, are desirous of taking and entering into a sub-contract with said J. A. Huntington for the construction of a part of said main canal, according to said plans and specifications;

"Therefore, it is hereby agreed by and between the parties hereto that the said V. E. Gunter and James Bevans, the parties of the second part, may and will commence the construction of that part of the main canal, beginning at the west end thereof and working eastward, for the consideration of the sum of 30 cents per cubic yard of excavation and borrowed embankment."

After a certain quantity of work had been done under the subcontract, hardpan was encountered and Gunter informed Huntington that "it would be impossible . . . to continue with the contract on account of this hard ground," and Huntington replied: "I don't expect you to. . . . I do want you to help me finish this main canal and I will pay you wages for it." Gunter agreed to the proposition and

so informed Bevans. The remainder of the work was performed under the oral contract thus entered into, and the suit is based thereon.

[1] Appellant contends that the new contract was invalid as an attempted oral modification of a written contract without consideration. The written contract was not for the construction of any definite section of the canal or for any given quantity of work or for work to be continued for any given time, but only to do excavation work indefinitely at a given price per yard. Either party had the right to terminate the contract at any time. When Gunter informed Huntington that the former would no longer continue the work under the terms of the contract the agreement came to an end. The rights of the parties to terminate the contract were no different than if the employment had been merely at a given price per day. After the parties had abandoned the written contract by mutual consent, there was nothing to prevent them from entering into a valid oral contract as the court found that they did. There is no other point raised by the appeal which merits attention.

The judgment is affirmed.

Plummer, J., and Hart, J., concurred.