[Civ. No. 5978.　Second Appellate District, Division Two.—July 23, 1930.]

KLEIN NORTON COMPANY (a Corporation), Respondent, v. CHARLES COHEN, Appellant.

Abrahams & Sadicoff for Appellant.

George C. Mansfield and Arthur W. Kennedy for Respondent.

GATES, J., *pro tem.*—This appeal is prosecuted from a judgment in favor of respondent in the sum of $609.04. The action is for money due on a mutual open and current account. Prior to July, 1923, appellant had been employed by respondent as a salesman in certain territory in southern California. He was employed upon a commission varying from three and one-half per cent to one per cent of the gross sales. In July, 1923, while appellant was spending his vacation in San Bernardino County, L. J. Kauffman, sales manager of respondent, wrote a letter to him wherein it was stated that respondent would allow appellant three per cent upon gross sales made by him. Appellant agreed to this arrangement and thereafter again commenced work on this basis. He received from respondent a drawing account of $65 per week and any surplus of commissions that were due him at the rate of three per cent upon gross sales. In many instances he overdrew and became indebted to respondent. There was no stipulated time in the agreement as to how long the three per cent would continue. Appellant also bought merchandise from respondent on his own account from time to time.

The above arrangement as to commissions continued until October, 1923, at which time Mr. Norton, who was the head of respondent corporation, told his sales manager, Kauffman, that it would be necessary for the company to immediately realize from fifty to one hundred thousand dollars cash on the sale of merchandise; that they were overstocked; and that Mr. Kauffman should go out into the different territories and sell their goods at a loss or at cost, as he saw fit. It was later suggested by Mr. Norton and Mr. Kauffman that appellant be given the prices and a commission of one per cent gross and allowed to sell the merchandise. Appellant said that he would be glad to do this in view of the fact that it would permit him to sell a greater volume than would be possible on his regular commission and at regular prices; that he would be very glad to entertain a proposition like that, where he could show that his sales were not only doubled but trebled, and he could sell ten times as much as he would be usually selling. Appellant while selling this special line was to be allowed only one per

cent, but would continue to receive three per cent on the regular merchandise. It was testified that there were several conversations wherein this arrangement was discussed and stated by appellant to be a very satisfactory one. It was further testified by Mr. Kauffman that appellant was to continue this arrangement until the firm had realized what they wanted to accomplish and until he was told to stop. He further stated that appellant was working upon a month to month basis, that is, he was rendered a statement each month. It was also testified that appellant upon different occasions admitted receiving the one per cent commission; that upon the first of each month respondent sent appellant a statement of the amount of business done by him, the goods sold, the rate of commission allowed on the merchandise sold, the amount of commission due him, if any, as well as an account of all moneys advanced to or paid him; that the one per cent commission arrangement continued for about three months.

Kauffman further testified that some time after October 1, 1923, he and appellant had some conversations wherein they discussed the rate of commission to be thereafter paid appellant; that in the first of these he told appellant that Mr. Norton had told him, Kauffman, that the arrangement stipulating three per cent would have to be discontinued; that in certain instances there would be a separate commission; that Mr. Jules Levy would determine the rate of commission on each individual item on which it was necessary to cut the price; that appellant was to get three per cent commission on goods sold unless he was informed by Mr. Kauffman or some executive officer of the company that he was to get a commission of less than three per cent.

It was testified by appellant that from October 1, 1923, to December 1, 1925, there were sales on which in the statements one per cent commission was credited; that these statements were received by appellant each month, commencing October 1, 1923, and ending December, 1925; that the amounts of commissions to be allowed were specified in the months stated; that he made no objection to the statements received; that he did from time to time make complaints to the respondent company as to the rates of commissions which were being allowed him, complaining that he was not making enough; that he continued work until the middle of December, 1925. Many documents and records were ad-

mitted in evidence showing the merchandise sold by appellant and the amount of commissions allowed and paid him.

Appellant denied much of the evidence introduced by respondent. He claimed that he was to receive a straight three per cent on all goods sold. He filed a cross-complaint, claiming to have sold goods in an amount of over $400,000 and alleging that he had earned commissions in excess of $12,000, no part of which has been paid excepting the sum of $8,690. Appellant insists that there is due him an amount of money in excess of $3,000, no part of which has been paid.

Upon the evidence given, including the many documents and records offered, the court found in favor of respondent on its complaint and against appellant upon the denials in his answer as well as against him on all the issues of the cross-complaint and the answer thereto.

■ Appellant contends that the evidence is insufficient to sustain the findings or judgment that $609.04 or any sum is due respondent; also that appellant was paid $9,999.25. The trial court made full, complete and elaborate findings of fact upon each and every material issue raised by the pleadings. These findings and each of them are fully supported by the evidence, except as hereinafter noted. A minute discussion of the evidence admitted will serve no useful purpose. Nor will a detailed statement of the particular items which compose the judgment be helpful, for it can plainly be seen that there is ample evidence to show that each of said items are valid obligations of appellant and are justly due respondent. ■ As to the trial court's finding on the allegations in appellant's cross-complaint that there became due from respondent to appellant the sum of $9,999.25 and that the last-mentioned sum was completely paid, this should be explained. The amount, $9,999.25, is no doubt a typographical error. It should have been $9,099.25, as may be seen from an examination of the original records which were offered. This last-mentioned amount consisted of the commissions earned by appellant as follows:

| | |
|---|---|
| 1923 | $2,557.50 |
| 1924 | 3,320.46 |
| 1925 | 3,221.29 |
| Total | $9,099.25 |

As against the above commissions are the amounts paid on account of commissions and other *contra* items which comprise the amount for which respondent was awarded judgment. This typographical error in no way affects the result, nor is it in any manner prejudicial to appellant's rights. From an examination of the evidence the correct amount appears to be $9,099.25, and therefore the finding concerning it is easily reconcilable with the other findings.

Appellant contends that the trial court erred in admitting oral evidence which varied the terms of a written agreement. Also that there is insufficient evidence to sustain the findings that there was an executed oral agreement which varied the terms of the written agreement. These two contentions are so closely interwoven that it will be necessary to discuss them together.

It is well settled by an abundance of authority in this state that a written agreement may be modified by an oral agreement only when the oral agreement has been executed. (*Bennett* v. *Potter,* 180 Cal. 736 [183 Pac. 156]; *Molera* v. *Cooper,* 173 Cal. 259 [160 Pac. 231]; *Sinnige* v. *Oswald,* 170 Cal. 55 [148 Pac. 203]; *Treadwell* v. *Nickel,* 194 Cal. 243 [228 Pac. 25]; *Rathbun* v. *Security Mfg. Co.,* 82 Cal. App. 793 [256 Pac. 296]; *United Iron Works* v. *Standard Brass Casting Co.,* 69 Cal. App. 384 [231 Pac. 567]; *Lydon* v. *Beach;* 89 Cal. App. 69 [264 Pac. 511].) According to section 1661 of the Civil Code an executed agreement is one ''the object of which is fully performed. All others are executory.'' The distinction between an executory contract and an executed contract has been pointed out in *Reed* v. *Schon,* 2 Cal. App. 55, 58 [83 Pac. 77], in the following language—speaking of an executed contract: ''Something which has been but is no longer a contract as defined in the Civil Code, section 1549.'' The principle is well established that an agreement, in order to be executed, must be fully performed on both sides. This principle is strictly enforced when an attempt is made to set up a modification of a written contract by an oral one, under section 1698 of the Civil Code. (6 Cal. Jur. 27; *Pearsall* v. *Henry,* 153 Cal. 314 [95 Pac. 154, 159]; *Dean* v. *Sedan Milling Co.,* 19 Cal. App. 28 [124 Pac. 736].) Measured by the foregoing authorities and the evidence adduced in the case before us, it is very clear that the oral agreement made by

the parties was not, as contemplated by law, executed. It is apparent that the reciprocal obligations of the parties— the selling of the merchandise by appellant and the payment therefor by respondent—had not been performed. They were, on both sides, to be performed in the future. That portion of the court's findings that respondent and appellant made and entered into certain oral agreements is fully sustained by the evidence. But that part of the findings which is as follows: "Under and by the terms of which the conditions and provisions of July 1, 1923, were modified, altered and changed"—which is not a finding of fact, but an erroneous conclusion of law—cannot be sustained, for the reason that the written agreement of July, 1923, was not modified, altered or changed by any oral agreements of the parties. (Sec. 1698, Civ. Code, and authorities heretofore cited.)

 Will the unwarranted conclusion of the trial court as to the effect of the oral contract necessitate a reversal of this cause? We think not. Regarded as a modification, alteration or change of the written contract, the oral agreement must fail. The effect of the oral contract, if the latter was made—and it was found by the court to have been made—was not to modify or alter the written agreement, but was to effect or create a new contract. (*Smyth* v. *Tennison,* 24 Cal. App. 519, 521 [141 Pac. 1059]; *Treadwell* v. *Nickel, supra.*) It will be borne in mind that the written agreement of July was not to continue for any definite time, but might be terminated at any time. Conditions had changed and a new offer was made by respondent to appellant, which offer the latter accepted. When the parties agreed upon these new terms and conditions it had the effect of terminating, canceling and ending the written agreement of July 1, 1923. (*Pearsall* v. *Henry, supra; Stockton C. H. etc. Works* v. *Glens Falls Ins. Co.,* 121 Cal. 167 [53 Pac. 565]; *Cross* v. *Ramdullah,* 274 Fed. 762, 767.) It has been held many times that a written agreement may be abrogated by an oral contract and that in such a case section 1698 of the Civil Code has no application. (*Dugan* v. *Phillips,* 77 Cal. App. 268 [246 Pac. 566]; *McClure* v. *Alberti,* 190 Cal. 348 [212 Pac. 204]; *Pearsall* v. *Henry, supra; Guidery* v. *Green,* 95 Cal. 630 [30 Pac. 786]; *Producers Fruit Co.* v. *Goddard,* 75 Cal. App. 737 [243 Pac. 686];

*Haberman* v. *Sawall,* 72 Cal. App. 576 [237 Pac. 776];
*Hooke* v. *Great Western Lbr. Co.,* 54 Cal. App. 681 [202
Pac. 492]; *Arsenio* v. *Smith,* 50 Cal. App. 173 [194 Pac.
756]; *Tompkins* v. *Davidow,* 27 Cal. App. 327 [149 Pac.
788]; *Credit C. Bureau* v. *Hochbann,* 25 Cal. App. 546 [144
Pac. 315]; *Sarnighausen* v. *Scannell,* 11 Cal. App. 652 [106
Pac. 117]; *Proud* v. *Strain,* 11 Cal. App. 74 [103 Pac.
949].) It was held by the District Court of Appeal in
*Bevans* v. *Huntington,* 65 Cal. App. 266 [223 Pac. 572],
that where a written contract for the construction of part of
an irrigation canal is not for the construction of any
definite section of the canal or for any given quantity of
work or for work to be continued for any given time, but
only to do excavation work indefinitely at a given price per
yard, either party has a right to terminate the contract at
any time, and such contract is terminated when one of the
parties orally informs the other that the former will no
longer continue the work under the terms of the contract;
and after such contract has been abandoned by mutual con-
sent the parties thereto may enter into a valid oral contract
for the continuance of the work on a new basis.

The erroneous conclusion of the trial court as to the
effect of the oral agreements will not affect the judgment,
for the reason that the court's findings of fact and conclu-
sion of law therefrom are correct and fully support the
judgment. It is a well-established principle of law that if
the findings support the judgment, inconsistencies between
the conclusions are immaterial and do not vitiate it. (*Dan-
ziger* v. *Benson,* 175 Cal. 565 [166 Pac. 313]; *Roberts* v.
*Hall,* 147 Cal. 434 [82 Pac. 66]; *Phenegar* v. *Paolini,* 27
Cal. App. 381 [149 Pac. 1008]; *International Textbook Co.*
v. *Holmes,* 25 Cal. App. 474 [144 Pac. 146].)

There was no error in admitting evidence as to the
making of the oral agreements, for the reason that an aban-
donment or termination of a written agreement may be by
parol. (*Tompkins* v. *Davidow, supra; Treadwell* v. *Nickel,
supra; Dugan* v. *Phillips, supra; Haberman* v. *Sawall,
supra.*) And, furthermore, the court may well have found
from the conduct of the respective parties that the written
agreement had been rescinded and abandoned. (*Tuso* v.
*Green,* 194 Cal. 574 [229 Pac. 327]; *Treadwell* v. *Nickel,
supra; Hogan* v. *Anthony,* 40 Cal. App. 679 [182 Pac. 52];

*Tompkins* v. *Davidow, supra; Sarnighausen* v. *Scannell, supra.*)

Judgment affirmed.

Works, P. J., and Craig, J., concurred.