[Civ. No. 1265. Fourth Appellate District.—April 20, 1934.]

M. J. RYAN COMPANY (a Corporation), Appellant, v. JENNIE L. BROWN, Respondent.

H. A. Savage and V. D. Manville for Appellant.

John F. Pryor and John G. Covert for Respondent.

MARKS, J.—Appellant M. J. Ryan Company brought this action to recover $1300 principal, interest and attorneys' fees on an executory contract of sale of a tractor signed by defendant M. D. O'Dell and respondent Jennie L. Brown. Defendant defaulted. Respondent filed an answer which attempted to set up the defense of fraud but lacked some essential averments. The case went to trial on these pleadings and the trial court permitted respondent to introduce evidence of fraud over the objection of appellant. At the close of the evidence respondent asked leave to file an amendment to her answer to conform to the proofs. There was no ruling on this request and the case was submitted. Later, and before judgment, respondent gave notice of a motion asking leave to file an amended answer to conform to the proofs. This was duly served, together with a copy of the amended answer. The motion was made and granted and the pleading filed. Appellant did not appear at the

178

time of the motion and made no request to have the case reopened. The trial court's findings upheld the defense of fraud and judgment was rendered for respondent.

■ Appellant urges that it was reversible error to permit the filing of an amended answer. This contention is disposed of in the case of *Richards* v. *Tavares*, 105 Cal. App. 261, at page 269 [287 Pac. 552], where it is said: "The allowance of amendments to conform to the proofs rests in the discretion of the trial court. (*Hancock* v. *Board of Education*, 140 Cal. 554 [74 Pac. 44].) Such amendments may be allowed after the submission of the cause (*Lee* v. *Murphy*, 119 Cal. 364 [51 Pac. 549, 955]; *Hancock* v. *Board of Education, supra; Myers* v. *Holton,* 9 Cal. App. 114 [98 Pac. 197]), and are deemed denied (*Bank of Italy* v. *Johnson,* 200 Cal. 1 [251 Pac. 784]). In the case at bar a copy of the amendment was served on the day the same was filed, and on February 9, 1928, the order for judgment was entered. The findings and judgment, however, were not filed until February 28, 1928. No request that the cause be reopened for the purpose of permitting the defendant to produce further evidence on the question presented by the amendment was made in the meantime, and it is not contended that all the facts relevant to the issue were not adduced at the trial. Before it can be held that the allowance of such an amendment was an abuse of discretion it must be shown that the adverse party has been prejudiced thereby (*McClure* v. *Alberti,* 190 Cal. 348 [212 Pac. 204]), and no reasonable ground for this conclusion appears in the present case. No judgment can be set aside for error in any matter of procedure unless after an examination of the entire record the court shall be of the opinion that the error complained of resulted in a miscarriage of justice. (Const., art. VI, sec. 4½.)"

■ Appellant contends that the evidence was such that it was entitled to judgment as a matter of law. This is but another way of saying that the findings are not supported by any evidence and are contrary to the evidence. We have examined the record and find the evidence in sharp conflict on the question of fraud. The evidence submitted by respondent amply supports the finding that fraud had been committed. This evidence was believed by the trial

judge who found in accordance with it. This finding cannot be disturbed on appeal simply because contrary evidence, if taken as true, would have supported another conclusion than that reached by the trial judge. ■ Conflicts in the evidence are settled in the trial court and cannot furnish grounds for a reversal of the judgment where, as here, it is supported by material and competent evidence even though such evidence did not become material and competent until after the amended answer was filed.

■ Appellant urges that the trial court erred in overruling its objections to questions which sought to elicit testimony supporting the defense of fraud. Its position is technically correct as this defense was not fully plead until the amended answer was filed. The trial court permitted both parties to introduce evidence on that issue. Appellant made no request to have the case reopened after respondent's last pleading was filed. We may, therefore, assume that it was satisfied with the evidence before the court on this issue.

Since the adoption of section 4½ of article VI of the Constitution we cannot set aside a judgment on the ground of the improper admission of evidence until after an examination of the entire cause, including the evidence, we form the opinion that the error complained of has resulted in a miscarriage of justice. We have studied the record and have formed no such opinion. The testimony is flatly conflicting on the question of fraud. A greater number of witnesses supported the theory of respondent on this issue. While the number of witnesses testifying on one side or the other in a trial is never controlling, the trial judge believed those produced by respondent. The reading of the record shows nothing that would indicate a greater probability of truth in one side than the other. The trial judge had the advantage of seeing the witnesses on the stand, of observing their demeanor and manner of testifying. He is the judge of the credibility of the witnesses and the weight and sufficiency of the evidence. It is his duty to pass on a conflict in the evidence, and he having done so and rendered a judgment in accordance with all of the evidence on one side of an issue, we cannot say that there has been a miscarriage of justice because there is conflicting

evidence in the record, where, as here, the evidence seems to preponderate in favor of the successful party.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.