*922 OPINION.
Black :
The sole issue which we have to decide in these proceedings is largely a question of fact, namely, whether petitioner and his wife did actually annul and cancel the 1933 written property settlement agreement prior to the beginning of the taxable years involved, and supersede it with an executed oral agreement.
At the outset it should be noted that under the laws of California where petitioner and his wife were domiciled, they had a right to entei into such an agreement as they did on September 6, 1933, regardless of whether they were living together or whether they were living apart and later became reconciled; and that so long as such an agree ment was in full force and effect petitioner’s earnings would be hi¡ separate property and would all be taxable to him. Civil Code of California, secs. 158 and 159; Howard G. Hickman, 27 B. T. A. 807 affd., 70 Fed. (2d) 985; Marshall v. United States, 88 Ct. Cls. 393 26 Fed. Supp. 474; certiorari denied, 308 U. S. 597; ZaSu Pitts Woodall, 38 B. T. A. 97; affd., 105 Fed. (2d) 474; certiorari denied, 30 *923 U. S. 655; Van Every v. Commissioner, 108 Fed. (2d) 650; certiorari denied, 309 U. S. 689; Estate of J. Harold Dollar, 41 B. T. A. 869; F. Eldred Boland, 41 B. T. A. 930; Sparkman v. Commissioner, 112 Fed. (2d) 774; Ina Claire v. United States, 34 Fed. Supp. 1009; McKay on Community Property, 2d ed., sec. 1318. Furthermore, it should be noted that, notwithstanding the provision in the 1933 agreement that it could “only be changed, altered or vacated by the express written agreement, signed and acknowledged by both parties”, the 1933 agreement could have been changed, altered or vacated by an “executed oral agreement” of the parties. Civil Code of California, sec. 1698; 17 Corpus Juris Secundum, Contracts, sec. 377. Cf. Treadwell v. Nickel, 228 Pac. 25; Klein Norton Co. v. Cohen, 290 Pac. 613. On these propositions of law, we understand the parties to be in agreement.
There was no written agreement which in any way canceled or even modified the herein material provisions of the 1933 agreement other than the 1937 agreement referred to in our findings. If petitioner is to prevail, his proof must show that there was an executed oral agreement between himself and his wife prior to the beginning of the taxable years here involved which did away with the 1933 agreement or at least that provision of the 1933 agreement contained in the sixteenth paragraph wherein the parties agreed that “any and all properties that the respective parties shall acquire on and after the date hereof shall be and the same is hereby declared to be the separate property of the party by whom it is acquired.” It is well to bear in mind that there was a provision contained in the 1933 agreement stating that the parties are not only desirous of effecting a settlement of their property rights, “but expressly intend that this agreement will continue in full force and effect in the event that their respective differences can be composed and a reconciliation whether permanent or otherwise, take place.” This latter provision was no doubt placed in the 1933 agreement for the purpose of avoiding the application of such cases as Sargent v. Sargent, 106 Cal. 541; 39 Pac. 931; In re Jones’ Estate, 118 Cal. 499; 50 Pac. 766; In re Martin's Estate, 137 Pac. 2; Brown v. Brown, 170 Cal. 1; 147 Pac. 1168; and In re Boeson's Estate, 255 Pac. 800, which cases stand for the authority that property settlement agreements are sometimes set aside where the acts, conduct, and relations of the parties thereafter are of such a character as to justify the conclusion that the parties intended and agreed orally to annul and cancel the same. In other words, it is apparent that the parties to the 1933 agreement wanted to guard against any future contention by either party that they had orally agreed to rescind the 1933 agreement with the hope of proving such contention by showing evidence of a reconciliation. Evidently as *924 a further guard against any such future contention, they put in the provision that the 1933 agreement could only be changed, altered, or vacated by an express written agreement to that effect. While it is our opinion that it was possible to annul and cancel the 1933 agreement by means of an executed oral agreement to that effect, we think the burden was on petitioner to prove the existence of such an executed oral agreement, and we think he has failed to do so.
On the other hand, the evidence convinces us that the 1933 agreement continued in full force and effect until the written agreement of April 14, 1937. Even then it was not abrogated by the latter agreement, but was merely modified and changed in certain material respects, and as modified it continued in full force and effect. It was not changed or modified in respect to the sixteenth paragraph fully set out in our findings of fact.
We consider it unnecessary to rehearse in this opinion the facts upon which we base our conclusion. We have stated the facts fully in our findings of fact. Upon these facts we hold that the Commissioner did not err in his determination that in the taxable years involved in these proceedings the earnings of petitioner were his own separate property and taxable entirely to him. If taxpayers do not wish to be bound by such agreements they should not enter into them. Cf. ZaSu Pitts Woodall, supra.

Decision will be entered for respondent.